UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TENNESSEE
AT CHATTANOOGA

DANIEL RHODES and JENNIFER RHODES, )
)
    *Plaintiffs*, )
v. ) No. 1:04-cv-045
) *Edgar*
CITY OF CHATTANOOGA, TENNESSEE, )
)
    *Defendant.* )

## **MEMORANDUM**

The Court previously dismissed without prejudice the plaintiffs' complaint against defendant Richard Hutson, in his official capacity, pursuant to Fed. R. Civ. P. 4(m). The only defendant remaining in this case is the City of Chattanooga, Tennessee ("City"). On June 15, 2005, the City filed a motion for summary judgment pursuant to Fed. R. Civ. P. 56. [Court Doc. No. 11]. Plaintiffs have not timely filed a response and the Court deems the plaintiffs to have waived opposition to the motion under ED.TN. LR 7.2.

The Court cannot automatically grant the City's summary judgment motion simply because the plaintiffs have not timely filed a response in opposition. At a minimum, the Court is required to examine the record to determine whether the City has met its initial burden of demonstrating the absence of a genuine issue of material fact and that the City is entitled to summary judgment as a matter of law. *Stough v. Maryville Community Schools*, 138 F.3d 612, 614 (6th Cir. 1998); *Wilson v. City of Zanesville*, 954 F.2d 349, 351 (6th Cir. 1992); *Carver v. Bunch*, 946 F.2d 451, 454-55 (6th Cir. 1991).

After reviewing the record, the Court concludes that the City's motion for summary judgment is well taken and it will be **GRANTED** pursuant to Fed. R. Civ. P. 56. The City has met its burden of showing there are no genuine issues of material fact in dispute and the City is entitled to summary judgment as a matter of law. Plaintiffs have not presented any proof under Rule 56 to support their complaint. For the reasons expressed by the City in its memorandum of law [Court Doc. No. 11], the complaint against the City will be **DISMISSED WITH PREJUDICE**.

I.      **Standard of Review**

Summary judgment is appropriate where no genuine issue of material fact exists and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). In ruling on a motion for summary judgment, the Court must view the facts contained in the record and all reasonable inferences that can be drawn from those facts in the light most favorable to the non-moving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986); *National Satellite Sports, Inc. v. Eliadis Inc.*, 253 F.3d 900, 907 (6th Cir. 2001). The Court cannot weigh the evidence or determine the truth of any matter in dispute. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 249 (1986).

The moving party bears the initial burden of demonstrating that no genuine issue of material fact exists. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1986). To refute such a showing, the non-moving party must present some significant, probative evidence indicating the necessity of a trial for resolving a material, factual dispute. *Celotex Corp.*, 477 U.S. at 322. A mere scintilla of evidence is not enough. *Anderson*, 477 U.S. at 252; *McLean v. Ontario, Ltd.*, 224 F.3d 797, 800 (6th Cir. 2000). The Court's role is limited to determining whether the record contains sufficient evidence from which a jury could reasonably find for the non-moving party. *Anderson*, 477 U.S.

-2-

Case 1:04-cv-00045   Document 15   Filed 10/14/05   Page 2 of 17   PageID #: 17

at 248, 249; *National Satellite Sports*, 253 F.3d at 907. While the Court draws all reasonable factual inferences in the light most favorable to the plaintiffs, the Court may grant summary judgment to the City if the record taken as a whole could not lead an objective, rational jury to find for the plaintiffs. *Matushita*, 475 U.S. at 587; *McKinnie v. Roadway Express*, Inc., 341 F.3d 554, 557 (6th Cir. 2003).

## II. Facts

### A. Plaintiffs' Complaint

Plaintiff Daniel Rhodes and his wife, plaintiff Jennifer Rhodes, have not submitted any proof under Rule 56 by way of sworn affidavit or deposition to support the bare allegations in the complaint. The complaint is not signed by the plaintiffs under oath or penalty of perjury pursuant to 28 U.S.C. § 1746. Consequently, the Court cannot accept and rely on the bare allegations in the complaint as constituting proof under Fed. R. Civ. P. 56 for the purpose of deciding the City's summary judgment motion.

Plaintiffs make the following allegations in their complaint. On March 23, 2003, at approximately 4:20 p.m., Daniel Rhodes was a passenger in an automobile being driven by Travis Webb in the vicinity of the 2300 block of East Third Street in Chattanooga when the automobile was stopped by police officers employed by the City Police Department. When he inquired as to the reason for the traffic stop, Daniel Rhodes was told by the police that the color of the automobile did not match the color listed in the vehicle registration information. After a brief investigation, the police determined that their information about the automobile's color was erroneous.

The police questioned Daniel Rhodes, Travis Webb, and other passengers in the automobile. The officers asked Daniel Rhodes to explain why he was in that location and what he

-3-

Case 1:04-cv-00045   Document 15   Filed 10/14/05   Page 3 of 17   PageID #: 18

was doing. Mr. Rhodes responded by asking if he and the other passengers did not have a right to be in that location. It is further alleged that this response by Daniel Rhodes caused City police officer Richard Hutson ("Hutson") to fly into a rage. Hutson ordered Daniel Rhodes to step out of the automobile. Mr. Rhodes complied with Hutson's instructions and exited the automobile.

It is alleged that Hutson committed a violent assault and battery on Daniel Rhodes causing him to suffer physical injuries. While the alleged assault and battery occurred, one or more other City police officers stood by watching without taking any action to intervene to stop Hutson's assault or to come to the aid of Daniel Rhodes. Plaintiffs contend that the assault on Daniel Rhodes was unreasonable, unjustified, and constitutes the excessive use of force by the police. Plaintiffs aver that Hutson acted under the color of state law and his authority as a City police officer.

The complaint also alleges that after Hutson finished assaulting and beating Daniel Rhodes, Hutson issued a citation to Daniel Rhodes requiring him to appear at the Hamilton County Jail to be booked on a criminal charge of disorderly conduct. Plaintiffs aver that Hutson threatened to retaliate against Daniel Rhodes if Mr. Rhodes complained to anyone about the assault and beating.

In response to the citation, Daniel Rhodes reported to the Hamilton County Jail on April 24, 2003. Although Daniel Rhodes appeared in the General Sessions Court of Hamilton County on June 19, 2003, for a preliminary hearing, Hutson was not present so the preliminary hearing was rescheduled for July 25, 2003. On July 25, 2003, Daniel Rhodes appeared in the Hamilton County Sessions Court and was advised by someone from the District Attorney's office that the criminal charge had been dismissed due to Hutson's resignation as a City police officer. Daniel Rhodes filed a complaint with the Internal Affairs Division of the City Police Department

concerning Hutson's conduct but Daniel Rhodes had not received a response to this administrative complaint as of February 12, 2004, when the instant lawsuit was filed in this Court.

Plaintiffs make the following claims for damages against the City under Tennessee state law. Daniel Rhodes claims the City is vicariously liable for officer Hutson's conduct based on the doctrine of *respondeat superior* for the torts of assault and battery, outrageous conduct, intentional infliction of emotional distress, and malicious prosecution. Daniel Rhodes also claims that the City is vicariously liable for the deprivation and violation of his rights guaranteed under Article I, Sections 7-8 of the Constitution of the State of Tennessee. It is further claimed that the City is liable for common law negligence on the theory that the City was negligent in its hiring, training, and/or retention of Hutson as a police officer because the City either knew or reasonably should have known of Hutson's propensity for violence.

Daniel Rhodes makes the following federal claims against the City under 42 U.S.C. § 1983. It is claimed that Hutson violated Daniel Rhodes' civil rights protected by the First, Fourth, and Fourteenth Amendments to the United States Constitution. Although it is not entirely clear from the complaint, it appears that the plaintiffs contend the City is vicariously liable for Hutson's conduct under 42 U.S.C. § 1983 on three different theories of liability. First, paragraph 27 of the complaint avers that the City is vicariously liable for Hutson's actions based on the doctrine of *respondeat superior*. Second, paragraph 28 of the complaint avers that the City was negligent in its hiring, training, and/or retention of Hutson as a police officer because the City either knew or should have known of Hutson's propensity for violence. The Court notes that paragraphs 27 and 28 of the complaint are located after Paragraph 26 which pleads the federal cause of action under 42 U.S.C. § 1983. The third theory of liability against the City under § 1983 is set forth in paragraph 21 of

the complaint which alleges that Daniel Rhodes filed a formal complaint with the Internal Affairs Division of the City Police Department but he did not receive any response.

Jennifer Rhodes makes a claim against the City for loss of society, companionship, and consortium with her husband. Her claims depend upon and are completely derivative of Daniel Rhodes' claims. If all of Daniel Rhodes' claims against the City are dismissed on summary judgment, then Jennifer Rhodes' loss of consortium claim against the City must likewise be dismissed.

B.  **The City's Proof in Support of Summary Judgment Motion**

The City submits the sworn affidavits of Lon Eilders ("Eilders") and police officer Stoney Morton ("Morton"). Plaintiffs have not presented any proof under Rule 56 to dispute or rebut the affidavits of Eilders and Morton. In the absence of any proof from the plaintiffs, the Court accepts the affidavits of Eilders and Morton as being true and correct.

The Court has reviewed the record in the light most favorable to the plaintiffs and makes the following findings of fact based on the affidavits of Eilders and Morton. Morton states that he has been employed as a City police officer for seven years. On March 23, 2003, Morton was on patrol in his police vehicle when he noticed an automobile being driven whose color did not match the official vehicle registration information. Morton decided to pull the automobile over for an investigative traffic stop. Officer Hutson was riding in the police car with Morton.

Morton observed that the four occupants in the automobile were not wearing seat belts. The driver produced his valid driver's license and proof of insurance but was unable to produce a motor vehicle registration document. Daniel Rhodes was a passenger in the automobile. During Morton's conversation with the driver, Daniel Rhodes kept interrupting. Morton asked the

driver where they were coming from and as the driver began to answer, Daniel Rhodes interjected with a totally different answer. After some conversation, Daniel Rhodes exited the automobile. Morton observed knives inside the automobile and Morton instructed Hutson to watch Daniel Rhodes.

Morton walked around the automobile to frisk Daniel Rhodes but he resisted the pat down search. When other backup police officers arrived at the scene, all occupants of the automobile were removed from the suspect automobile and searched. The police found that the occupants were all carrying knives.

Daniel Rhodes was standing next to the automobile with his back toward Hutson. When Hutson moved forward to place handcuffs on Daniel Rhodes, Mr. Rhodes pulled away from the automobile in an aggressive manner. Daniel Rhodes stepped back and began turning towards Hutson. Hutson grabbed the arm of Daniel Rhodes. Hutson executed a slow arm-bar takedown to gain control of Daniel Rhodes and place him on the ground. While Daniel Rhodes was on the ground, he continued to actively resist being handcuffed. Hutson and another police officer had to force Mr. Rhodes' arms behind his back to apply the handcuffs.

Morton states that Hutson used only reasonable force under the circumstances to gain control of Daniel Rhodes. At no time did Hutson beat or strike Daniel Rhodes. After the handcuffs were applied, Hutson asked Daniel Rhodes if he needed any medical attention but Mr. Rhodes declined medical assistance. Daniel Rhodes only had one small abrasion to his right shoulder. Hutson explained that he was issuing a citation to Daniel Rhodes for disorderly conduct in lieu of arrest. Daniel Rhodes signed the citation and he was released from custody at the scene. In sum, Morton states that he did not observe Hutson use or participate in the use of any unreasonable,

excessive force against Daniel Rhodes. Daniel Rhodes was properly arrested, handcuffed, and issued a criminal citation for disorderly conduct based upon his interference with the ongoing police investigation of the automobile and its occupants, and Daniel Rhodes' resistance and refusal to allow himself to be handcuffed.

Morton further states that he is not aware of any City policy or custom to employ police officers who are not properly trained or supervised. The law enforcement training provided by the City to Morton and Hutson was adequate, and was not adopted due to any deliberate indifference of any policy making official of the City. Morton is not aware of any policy, custom, or practice by the City that would allow its police officers to be inadequately trained or supervised, or to use excessive force against persons taken into custody, or to falsely arrest someone without probable cause. Morton is aware that the City disciplines its police officers for misconduct found to violate the written policies adopted by the City Police Department.

In his affidavit, Eilders states the following. Eilders is the manager in charge of the Accreditation and Standards of the Chattanooga Police Department. He is familiar with all written policies of the Police Department as they existed on March 23, 2003. He submits relevant portions of the official policy manual adopted by the Chattanooga Police Department.

Eilders states that on March 23, 2003, the City did not have any policy, custom, or practice allowing City police officers to: (1) falsely arrest and prosecute persons without probable cause; and (2) use excessive force on a person being taken into custody. Eilders states that the City did not have a policy, custom, or practice of employing police officers who are not properly trained and supervised. All police officers, including Hutson, receive appropriate law enforcement training from an approved training program which exceeds the qualification and certification requirements

for police training required by the State of Tennessee under Tenn. Code Ann. §§ 38-8-106, 38-8-1067, and 38-8-111. Eilders has reviewed the Internal Affairs investigation files and records of the Chattanooga Police Department concerning Hutson prior to March 23, 2003. Eilders says that "no sustained determinations" for excessive force or false arrest were made against Hutson by any City policymaker after investigation into any complaints made against Hutson by any citizens.

**III.    Analysis**

All of the plaintiffs' federal and state law claims against the City will be dismissed.

**A.    42 U.S.C. § 1983**

The claim against the City under 42 U.S.C.§ 1983 must be dismissed for several reasons. Plaintiffs have not presented any proof under Fed. R. Civ. P. 56 showing that officer Hutson used excessive force, and maliciously prosecuted Daniel Rhodes for disorderly conduct without probable cause. Plaintiffs have not bothered to submit an affidavit from Daniel Rhodes to support the allegations in the complaint, and there are no genuine issues of material fact in dispute.

The City cannot be held vicariously liable 42 U.S.C.§ 1983 for constitutional torts committed by its employee Hutson based on the doctrine of *respondeat superior*. The City may not be sued under § 1983 solely on the basis that an injury has been inflicted by one of its police officers. There is no *respondeat superior* liability under 42 U.S.C. § 1983 for governmental entities. *Board of County Comm'rs of Bryan County v. Brown*, 520 U.S. 387, 403 (1997); *Collins v. Harker Heights*, 503 U.S. 115, 121 (1992); *Monell v. New York Department of Social Services*, 436 U.S. 658, 694 (1978); *Thomas v. City of Chattanooga,* 398 F.3d 426, 429 (6th Cir. 2005); *Gregory v. Shelby County, Tennessee*, 220 F.3d 433, 441 (6th Cir. 2000); *Stemler v. City of Florence*, 126 F.3d 856, 865 (6th Cir. 1997); *Doe v. Claiborne County, Tennessee*, 103 F.3d 495, 507 (6th Cir. 1996).

A government entity is liable under 42 U.S.C.§ 1983 only when the execution of a government policy or custom, whether made by its lawmakers or those officials whose edicts or acts may fairly be said to represent official policy, inflicts the injury. Plaintiffs are required to demonstrate that the City of Chattanooga, through its deliberate conduct, was the "moving force" behind the alleged deprivation of Daniel Rhodes' rights secured under the United States Constitution. *Brown*, 520 U.S. at 403-05; *City of Canton v. Harris,* 489 U.S. 378, 389 (1989); *Monell*, 436 U.S. at 694; *Thomas,* 398 F.3d at 429, 432-33; *Gregory*, 220 F.3d at 441-42; *Sova v. City of Mt. Pleasant*, 142 F.3d 898, 904 (6th Cir. 1998); *Stemler*, 126 F.3d at 865; *Hale v. Randolph*, 2004 WL 1854179, * 10 (E.D. Tenn. Jan. 30, 2004). A custom must "be so permanent and well settled as to constitute a custom or usage with the force of law." *Monell*, 436 U.S. at 691; *see also Claiborne County*, 103 F.3d at 507. It must reflect a course of action deliberately chosen by the City from among various alternatives. *Oklahoma City v. Tuttle*, 471 U.S. 808, 823 (1985); *Claiborne County*, 103 F.3d at 508; *Hale*, 2004 WL 1854179, at * 10.

In the absence of any proof from the plaintiffs, the Court can only conclude that they cannot meet their burden of showing that the City had a policy or custom of allowing its police officers to use excessive force and to make false arrests without probable cause in violation of the Fourth and Fourteenth Amendments to the United States Constitution.

Plaintiffs must also show there is a direct causal link between a City policy or custom and the deprivation of Daniel Rhodes' constitutional rights. Plaintiffs are required to prove that Daniel Rhodes' particular injuries were incurred as a direct result of the execution of a City policy or custom. *Brown*, 520 U.S. at 405; *City of Canton,* 489 U.S. at 385-86; *Pembaur v. City of Cincinnati*, 475 U.S. 469, 480-81 (1986); *Gregory*, 220 F.3d at 442; *Stemler*, 126 F.3d at 865;

*Claiborne County*, 103 F.3d at 508; *Garner v. Memphis Police Dep't*, 8 F.3d 358, 364 (6th Cir. 1993); *Hale v. Randolph*, 2004 WL 1854179, at * 10. This causation element is necessary to avoid imposing *de facto respondeat superior* liability on the City under 42 U.S.C. § 1983 which is prohibited by *Monell* and its progeny. *Claiborne County*, 103 F.3d at 508; *Hale*, 2004 WL 1854179, at * 10. The Court finds that the plaintiffs have not come forward with any proof showing the essential element of causation.

Although the complaint avers that the City was negligent in its hiring and training of Hutson, the plaintiffs do not offer any proof to support this claim. There is no proof that the City was negligent or failed to adequately train and supervise Hutson, and that this caused an injury to Daniel Rhodes. The City cannot be held liable under 42 U.S.C. § 1983 on a negligence theory. To the extent that the plaintiffs seek to maintain a claim against the City under § 1983 based on negligence, the complaint fails to state a claim cognizable under 42 U.S.C. § 1983. In *City of Canton*, 489 U.S. 378 (1989), the Supreme Court recognized that a government entity can be held liable under 42 U.S.C. § 1983 for failure to properly train and supervise its employees. But liability will exist for the City only if the plaintiffs can prove that the City's failure to train and supervise Hutson evidences deliberate indifference by the City to the rights of its inhabitants such that it in effect constitutes a governmental policy or custom within the *Monell* framework. *City of Canton*, 489 U.S. 378; *Stemler*, 126 F.3d at 865; *Berry v. City of Detroit*, 25 F.3d 1342, 1345 (6th Cir. 1994); *Leach v. Shelby County Sheriff*, 891 F.2d 1241, 1247-48 (6th Cir. 1989); *Hale*, 2004 WL 1854179, at * 11.

Negligence will not suffice to establish liability for the City under 42 U.S.C. § 1983. Simple negligence or even gross negligence on the part of the City is not actionable under 42 U.S.C.

§ 1983. Deliberate indifference is a stringent standard of fault requiring proof that the City disregarded a known or obvious consequence of its action. *Brown*, 520 U.S. at 407, 410 (deliberate indifference standard cannot be met by a mere showing of simple or even heightened negligence); *Thomas,* 398 F.3d at 433; *Stemler*, 126 F.3d at 865; *Gazette v. City of Pontiac*, 41 F.3d 1061, 1066-67 (6th Cir. 1994); *Hale*, 2004 WL 1854179, at * 11. Deliberate indifference "does not mean a collection of sloppy, or even reckless oversights; it means evidence showing an obvious, deliberate indifference" to the alleged violation. *Claiborne County*, 103 F.3d at 508; *see also, Thomas,* 398 F.3d at 429, 432-33.

A plaintiff ordinarily cannot demonstrate that a governmental entity acted with deliberate indifference without showing that it was aware of prior unconstitutional actions of its employees and failed to respond. *Brown*, 520 U.S. at 407-08; *City of Canton,* 489 U.S. at 390-91; *Stemler*, 126 F.3d at 865; *Hale*, 2004 WL 1854179, at * 11. It is not enough for a plaintiff to show that his specific injury could have been prevented with more or better police training. *City of Canton*, 489 U.S. at 390-91; *Mayo v. Macomb County*, 183 F.3d 554, 558 (6th Cir. 1999); *Sova*, 142 F.3d at 904; *Lewis v. City of Irvine, Kentucky*, 899 F.2d 451, 455 (6th Cir. 1990); *Hale*, 2004 WL 1854179, at * 11. In the instant case, the plaintiffs have not presented any proof of deliberate indifference by the City in the hiring, training and supervision of Hutson.

A policy of deliberate indifference may exist if a governmental entity fails to investigate incidents involving the violation of constitutional rights and fails or refuses to take action to punish and discipline the employees or agents responsible. A governmental entity can be held liable under 42 U.S.C. § 1983 if it has ratified unconstitutional acts committed by its employees or agents by failing or refusing to meaningfully investigate those illegal acts, and by failing or refusing

-12-

Case 1:04-cv-00045   Document 15   Filed 10/14/05   Page 12 of 17   PageID #: 27

to make a reasonable effort to correct the misconduct and prevent it from recurring in the future. *Thomas,* 398 F.3d at 429-34; *Claiborne County,* 103 F.3d at 507-08; *Leach*, 891 F.2d at 1248; *Marchese v. Lucas*, 758 F.2d 181, 188 (6th Cir. 1985); *Hale*, 2004 WL 1854179, at * 11.

The complaint alleges that Daniel Rhodes made a complaint to the Chattanooga Police Department concerning Hutson's conduct but the City took no action. This claim fails because the plaintiffs have not presented any proof under Fed. R. Civ. P. 56 to support these bare allegations. To preclude summary judgment if favor of the City, the plaintiffs cannot merely rest on the allegations in their complaint. There is no proof in the record that Daniel Rhodes ever filed a complaint with the Chattanooga Police Department concerning Hutson's conduct. There is no proof that the City and the Chattanooga Police Department were deliberately indifferent by failing or refusing to take appropriate action to investigate and discipline Hutson. Based on the proof in the record (officer Morton's affidavit), Hutson did not engage in any improper conduct and there was no good reason for the City to impose disciplinary sanctions on Hutson or to terminate Hutson's employment as a police officer. The undisputed proof establishes that Hutson did not violate the federal constitutional rights of Daniel Rhodes.

Accordingly, the plaintiffs' cause of action against the City under 42 U.S.C. § 1983 will be **DISMISSED**.

B. **State Law Tort Claims**

With regard to the plaintiffs' state law tort claims, the City has sovereign immunity from suit and all claims will be dismissed. The City is entitled to summary judgment.

The doctrine of sovereign immunity, long acknowledged in Tennessee's common law, provides that suit may not be brought against a governmental entity unless it consents to be

sued. *Hale*, 2004 WL 1854179, at * 15; *Doyle v. Frost*, 49 S.W.3d 853, 857 (Tenn. 2001); *Hawks v. City of Westmoreland*, 960 S.W.2d 10, 14 (Tenn. 1997); *Fortenberry v. George*, 2002 WL 1446675, * 3 (Tenn. Ct. App. July 3, 2002). The liability of the City for torts committed by its employees and agents is governed by the Tennessee Governmental Tort Liabilities Act ("GTLA"),Tenn. Code Ann. §§ 29-20-101 - 29-20-407. GTLA codifies the common law rule of sovereign immunity for municipalities. Tenn. Code Ann. §§ 29-20-102(3) and 29-20-201; *see also Limbaugh v. Coffee Medical Center*, 59 S.W.3d 73, 79 (Tenn. 2001). GTLA affirms that municipalities in Tennessee are immune from suit with certain narrow exceptions and waivers of immunity set forth in GTLA. The limited waiver of sovereign immunity in GTLA is in derogation of Tennessee common law and must be strictly construed by the courts. *Hale*, 2004 WL 1854179, at * 15; *Limbaugh*, 59 S.W.3d at 83-84; *Doyle*, 49 S.W.3d at 858; *Ezell v. Cockrell*, 902 S.W.2d 394, 399 (Tenn. 1995); *Fortenberry*, 2002 WL 1446675, at * 3.

Under GTLA, the City is generally subject to suit for civil claims sounding in negligence unless the negligence claims "arise out of" the exceptions provided in Tenn. Code Ann. § 29-20-205. *Hale*, 2004 WL 1854179, at * 15; *Limbaugh*, 59 S.W.3d at 79; *Doyle*, 49 S.W.3d at 858. Tenn. Code Ann. § 29-20-205(2) provides in pertinent part that sovereign immunity from suit of all governmental entities is removed for injury proximately caused by a negligent act or omission of any employee within the scope of his employment except if the injury arises out of false arrest, malicious prosecution, infliction of mental anguish, or civil rights. Pursuant to GTLA, Tenn. Code Ann. § 29-20-205(2), the City has immunity from suit on the plaintiffs' tort claims for false arrest, malicious prosecution, outrageous conduct, intentional infliction of emotional distress, and the violation of Daniel Rhodes' civil rights. *Hale*, 2004 WL 1854179, at * 15-17.

The complaint avers that the City is liable for common law negligence on the theory that the City was negligent in its hiring, training, and/or retention of Hutson as a police officer because the City either knew or reasonably should have known of Hutson's propensity for violence. The negligence claim must be dismissed on summary judgment. Plaintiffs have not presented any proof to support their allegations of negligence. There is no showing that the City was negligent in its hiring, training, and supervision of Hutson as a City police officer. There is no proof that, prior to Daniel Rhodes being injured on March 23, 2003, the City either knew or reasonably should have known that Hutson had a propensity for violence. There is no proof that Hutson committed an assault and battery upon Daniel Rhodes, or that Hutson used excessive force. Furthermore, the City has immunity from suit on this particular negligence claim under GTLA, Tenn. Code Ann. § 29-20-205(2), because the negligence claim "arises out of" an alleged false arrest, malicious prosecution, intentional infliction of mental anguish, and violation of Daniel Rhodes' civil rights. The civil rights exception in Tenn. Code Ann. § 29-20-205(2) is applicable here. *Hale*, 2004 WL 1854179, at ** 15-17.

The tort of assault and battery is not explicitly listed in Tenn. Code Ann. § 29-20-205(2) as an exception to the City's immunity from suit under GTLA. *Hale*, 2004 WL 1854179 at * 16; *Limbaugh*, 59 S.W.3d at 83. The Court concludes that the City is entitled to immunity from suit on the plaintiffs' assault and battery claim for the following reasons which this Court explained in *Hale*, 2004 WL 1854179, at * 15-17.

Assault and battery is an intentional tort that does not sound in negligence. Under GTLA, Tenn. Code Ann. § 29-20-205, the City is immune from suit and cannot be held liable for negligence based merely on the alleged commission of an assault and battery by its employee,

-15-

Hutson. The City has immunity under GTLA unless the plaintiffs can prove that the City itself committed a negligent act or omission that proximately caused an injury to Daniel Rhodes. For the plaintiffs to prevail on their claim seeking to hold the City liable for an assault and battery allegedly committed by Hutson, the plaintiffs are required to prove that an independent act of negligence by the City proximately caused the intentional tort of assault and battery that resulted in Daniel Rhodes' injury. *Hale*, 2004 WL 1854179, at * 16; *Baines v. Wilson County*, 86 S.W.2d 575, 580-81 (Tenn. Ct. App. 2002). This the plaintiffs have failed to do.

Plaintiffs have not presented any proof under Rule 56 showing that the City was negligent in hiring, training, and supervising Hutson prior to the date of the alleged assault and battery, March 23, 2003. There is no proof that Hutson committed an assault and battery upon Daniel Rhodes by using unreasonable or unjustified force in the performance of Hutson's duties as a police officer. In other words, the plaintiffs' claim against the City for assault and battery fails because there is no proof: (1) that Hutson committed an actionable assault and battery against Daniel Rhodes under Tennessee law; and (2) that the City committed an independent act of negligence that proximately caused the alleged assault and battery. *Hale*, 2004 WL 1854179, at * 16-17.

There is an additional reason why the plaintiffs' claim against the City for assault and battery must be dismissed. This tort is alleged to have been committed solely in the context of officer Hutson violating Daniel Rhodes' civil rights. The Court cannot lose sight of the fact that this is fundamentally a civil rights suit. Tenn. Code Ann. § 29-20-205(2) under GTLA provides that the City has immunity from suit on a negligence cause of action if the injury arises out of "civil rights." The civil rights exception in Tenn. Code Ann. § 29-20-205(2) is applicable here and the City is immune from this suit on the assault and battery claim. *Hale*, 2004 WL 1854179, at * 17.

-16-

Case 1:04-cv-00045   Document 15   Filed 10/14/05   Page 16 of 17   PageID #: 31

### C. **Punitive Damages**

The plaintiffs' demand for punitive damages will be dismissed. Plaintiffs cannot recover any punitive damages from the City under 42 U.S.C. § 1983 and GTLA. *City of Newport v. Fact Concerts, Inc.*, 453 U.S. 247, 271 (1981); *Alexander v. Newman,* 345 F. Supp.2d 876, 888 (W.D. Tenn. 2004); *Alexander v. Beale Street Blues Co., Inc.,* 108 F. Supp.2d 934, 950 (W.D. Tenn. 1999); *Hale*, 2004 WL 1854179, at * 18; *Tipton County Bd. of Education v. Dennis*, 561 S.W.2d 148, 152-53 (Tenn. 1978); *Johnson v. Smith*, 621 S.W.2d 570, 572 (Tenn. Ct. App. 1981).

### IV. Conclusion

Accordingly, the City's motion for summary judgment [Court Doc. No. 11] will be **GRANTED**. The plaintiffs' complaint against the City will be **DISMISSED WITH PREJUDICE** pursuant to Fed. R. Civ. P. 56. A separate judgment will enter.

> */s/ R. Allan Edgar*
> R. ALLAN EDGAR
> UNITED STATES DISTRICT JUDGE